AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| Stockade Franchising, LP<br>*Plaintiff*<br>v.<br>Kelly Restaurant Group, LLC et al<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 1:18-cv-00918 |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 05/09/2019 .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 7/16/19

JEANNETTE J. CLACK
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

A true copy of the original, I certify.
Clerk, U.S. District Court

By: ____________
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| STOCKADE FRANCHISING, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:18-cv-00918 |
| KELLY RESTAURANT GROUP, LLC, et al | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINAL JUDGMENT**

WHEREAS, Plaintiff Stockade Franchising, LP ("Stockade") has moved for summary judgment against Defendants Kelly Restaurant Group, LLC; Kelly Investment Group, LLC; Michael Kelly; and Gale Premer, under Fed. R. Civ. P. 56 and 9 U.S.C. § 9;

and

WHEREAS, under 9 U.S.C. § 9, Stockade is entitled to judgment confirming the October 1, 2018 final arbitration award entered in American Arbitration Association Case No. 01-17-0003-1350 ("Final Award"), and attached to this Final Judgment as **Exhibit A**;

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1. Stockade's Motion for Summary Judgment is found well-taken and is hereby GRANTED.

2. The Final Award is confirmed in all respects, pursuant to 9 U.S.C. § 9.

3. Stockade is entitled to judgment against Defendants Kelly Restaurant Group, LLC; Kelly Investment Group, LLC; Michael Kelly; and Gale Premer on the terms set forth in the Final Award. The terms of the Final Award are incorporated into this Final Judgment.

Signed this ____9th____ day of ________May________, 2019.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE



22733242v.1

**<u>Exhibit A to Final Judgment</u>**
**(Final Award in AAA Case No. 01-17-0003-1350)**

# American Arbitration Association

**Case Number: 01-17-0003-1350**

**Stockade Companies, LLC and Stockade Franchising, LP**
**-Vs-**
**Kelly Restaurant Group, LLC, Kelly Investment Group, LLC and Michael Kelly**
**-Vs-**
**Gale Premer**

## FINAL AWARD

I, John C. Fleming, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by Stockade Companies, LLC (Stockade) and Stockade Franchising, LP (Franchising, with Stockade and Franchising sometimes being referred to as Claimants), and Kelly Restaurant Group, LLC (KRG), Kelly Investment Group LLC (KIG), Michael Kelly (Kelly), individually, (collectively KRG, KIG, and Kelly are sometimes referred to as Kelly Respondents), and Gale Premer (Premer), and having been duly sworn, and having duly heard and read the proofs and allegations of the parties all of whom are represented by counsel, do hereby, AWARD, as follows:

The arbitrator previously issued an Interim Partial Award dated July 5, 2018 (Interim Award) on the substantive claims, defenses, and counterclaims raised in this arbitration. The findings and basis for the Interim Award are adopted and incorporated by reference in this Final Award.

At the request of the parties, the issue of attorney fees was bifurcated and reserved for later determination. Claimants have filed their attorney fee requests together with supporting evidence and briefs. Respondents have filed their objections and briefing on the Claimants' attorney fee requests.

**Attorney Fees Awarded**

Claimants have filed attorney fee requests together with supporting evidence and briefing. Franchising has requested attorney fees and expenses in the amount of $549,261.57. Respondents contest that this amount may not be awarded because either attorneys fees are not recoverable under the applicable agreements or law; the amount requested is excessive and the total is not reasonable and necessary. At the request of the arbitrator Claimant segregated its fee request into the following categories: (1) First preliminary injunction hearing in the federal court litigation ($103,632.36); (2) Discovery in the second injunction phase in federal court that was used or could have been used in this arbitration ($59,684.85); (3) other attorney fees incurred in the second injunction phase of the federal court litigation ($159,651.47); (4) attorney fees and expenses incurred in this arbitration ( $216,030.39): (5) attorney fees relating to default and notice of termination incurred prior to the initiation of the federal litigation or this arbitration ($3,597.00). The fee request is supported by a detailed 45-page itemization of the services rendered and charges for the itemized services.

After reviewing the materials submitted by the parties, I award Claimant Franchising the sum of $312,911.06 in attorney fees and expenses. This amount consists of:

(a) $90,632.36 for fees incurred with the first preliminary injunction in federal court obtained by Franchising excluding amounts that appear to relate to negotiations relating to buy out and negotiations with the landlord of KRG. The preliminary injunction related to KRG's continued use of Franchising's brands and trade secrets. The preliminary injunction was granted and KRG "debranded" in accordance

of that proceeding. Franchising to that extent prevailed, and the issues are sufficiently related to the terms and provisions of the Franchise Agreement to award attorney fees to Franchising.

(b) $38,278.70 in itemized expenses related to the discovery in the second injunction phase of the federal court case and the expenses incurred in connection with the arbitration.

(c) $184,000.00 in attorney fees related to discovery in the federal case and in the arbitration. This is the amount I find to be reasonable and necessary in light of the factors traditionally considered in awarding attorney fees under Texas law.

Attorney fees are recoverable under the provisions of the Franchise Agreements and under law for breach of contract. Since attorney fees are sums that can be awarded under the Franchise Agreements, they are also part of the obligations of Respondents respective Guaranty Agreements.

Claimants may not recover attorney fees for any additional amounts related to the second injunction proceeding in federal court because the injunction hearing was dismissed without prejudice and Claimants did not pursue injunctive relief in this arbitration.

**Damages and Claims Findings from Interim Partial Award**

Franchising is Awarded and Kelly Respondents and Premer are jointly and severally obligated to pay Franchising the sum of $484,456.00 for unpaid royalties and fees due under the franchise agreements through the termination date of the franchise agreements on February 10, 2017, together with interest in the amount of 1.5% per month until paid. Interest owing as of May 31, 2018 is $146,145.52. Interest accrues after May 31, 2018 at the rate of $7,266.84 per month (1.5% x $484,456) prorated for any partial month until paid. Provided, however, the liability of Premer is limited to $500,000 and the liability of Kelly is limited to $1,000,000 as provided in their respective Guaranty.

Franchising's claim for future lost profits is denied.

Franchising is awarded damages against KRG and Kelly, jointly and severally in the amount of $137,812.63 for damages under the Lanham Act and Texas Trademark Act. Kelly's obligation for these damages is not limited by his Guaranty.
Kelly Respondents counterclaims including breach of contract, defamation, and tortious interference are denied.

**Conclusions**

Franchising is Awarded and KRG shall pay to Franchising the sum of $ 1,110,392.77 (the Total Damages consisting of $484,456.00 in past due royalties; $175,212.88 interest on the past due royalties as of September 30, 2018; $137,812.83 for Langham Act Damages, and $312,911.06 in attorney fees). Interest accrues at the rate of 1.5% per month on the past due royalties from and after September 30,2018 until paid. Interest accrues on the Lanham Act Damages, attorney fees and costs and expenses at the statutory judgment rate of 5% per annum from and after the date of this Final Award until paid.

Under its Guaranty, KIG is jointly and severally liable with KRG, Kelly, and shall pay to Franchising all of the Total Damages including pre-award and post award interest and attorney fees but excluding the Lanham Act Damages of $137,812.83 and the interest related to the Lanham Act Damages.

Kelly is jointly and severally liable with KRG and obligated to pay Franchising for the Lanham Act Damages and post award interest thereon. The liability of Kelly for such damages is not limited by his

Guaranty, and Franchising may pursue collection against both without regard to the Guaranty. Kelly is also jointly and severally liable with KRG and KIG and Premer for all other amounts awarded, but excepting the Lanham Act Damages and post award interest thereon, Kelly's liability is limited to $1,000,000.00.

Under his Guaranty, Premer is jointly and severally liable with KRG, KIG, and Kelly and is obligated to pay Franchising $500,000.00 of the Total Damages attributable to past due royalties, interest, and attorney fees.

In collecting the amounts awarded hereunder other than Lanham Act Damages, Franchising is required to follow the Guaranty Agreements. That is it must first use commercially reasonable efforts to collect the amounts awarded from KRG and KIG before pursuing collection from Kelly under his Guaranty or from Premer under his Guaranty. Franchising must use commercially reasonable efforts to collect the amounts awarded from KRG, KIG, and Kelly before attempts to collect from Premer under his Guaranty.

In addition to the amounts awarded above, the administrative fees and expenses of the American Arbitration Association totaling $30,870.00 and the compensation and expenses of the arbitrator totaling $11,970.00 shall be borne jointly and severally by Respondents. Therefore, Kelly Restaurant Group, LLC (KRG), Kelly Investment Group LLC (KIG), Michael Kelly (Kelly) and Gale Premer shall reimburse Franchising the amount of $20,160 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants with Kelly Respondents being responsible for $15,120 of such amount and Premer being responsible for $5,040 of such amount.

This Award is intended to resolve all of the claims, counterclaims, and issues presented in this arbitration. All claims for relief sought by any of the parties that are not expressly awarded are hereby denied.

Signed this 1st day of October, 2018.

John C. Fleming, Arbitrator